IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JERRY BRAGG,

       Plaintiff,

vs.                                                                             No. CIV 07-0343 JB/WDS

THE STATE OF NEW MEXICO MEDICAID
QUALITY ASSURANCE BUREAU CHIEF
SANDRA CHAVEZ AND HER ASSISTANT
EVERET APADOCA, NEW MEXICO
GOVERNOR BILL RICHARDSON AND
DEPARTMENT OF HUMAN SERVICES
SECRETARY PAMELA HYDE, HOME MEDICAL
EQUIPMENT SPECIALISTS OWNER
KEVIN,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Request for Special Accommodations, filed

April 11, 2007 (Doc. 2).  The Court held a hearing on the request on October 30, 2007.  The primary

issue is whether the Court should order Defendant New Mexico Department of Human Services to

provide Plaintiff Jerry Bragg with a wheelchair accessible van to pick him up and to bring him to

court.  For the reasons stated at the hearing, and for further reasons consistent with those already

stated, and because Bragg has not shown that he is entitled to the injunctive relief that he requests,

the Court will deny his request for special accommodations.

## FACTUAL BACKGROUND

Bragg is wheelchair bound. <u>See</u> Request  for Special Accommodations at 1, filed April 11,

2007 (Doc. 2)("Plaintiff's Request").  Bragg represents that riding the bus is very difficult and

dangerous for him, because he has to cross Lomas at Tramway and go down about two blocks to

catch a bus to Alvarado Station.  See id.  Bragg then has to figure out how to get from Alvarado

Station to the courthouse.  See id.

Bragg states that he needs a wheelchair accessible van to pick him up and bring him to court.

See id.  He wants the Court to order New Mexico Department of Human Services to provide him

with a wheelchair accessible van to bring him to court when the Court sets hearing dates.  See id.

at 2.  Specifically, he wants Victory Regal Express (1-800-713-6387) to pick him up at his

apartment.  See id.

At the hearing on October 30, 2007, the State Defendants' counsel represented that Bragg's

request for special accommodations is not possible.  See Transcript of Hearing, taken October 30,

2007 ("Tr.") at 9:12-18 (Aguilar).[1]  The State Defendants' counsel stated that it is not possible to

provide a wheelchair accessible van to bring Bragg to court proceedings because it is not a medically

necessary service under the medical assistance division annotated code sections, and thus is not a

service that the medical assistance division can provide him as a Medicaid recipient .  See id. at

9:12-23 (Aguilar).

## MEDICAID TRANSPORTATION  LAW

New Mexico Administrative Code Annotated provides the rules regarding transportation

provided to Medicaid recipients.  See N.M.A.C. 8.324.7.9.

> **TRANSPORTATION SERVICES**: Transportation services are reimbursed by the
> New Mexico medical assistance program (medicaid) under Title XIX of the Social
> Security Act, as amended. Medicaid covers expenses for transportation and other
> related expenses that the New Mexico medical assistance division (MAD)
> determines are <u>necessary to secure medicaid-covered medical examinations and
> treatment</u> for eligible recipients in or out of their home community [42 CFR Section

---

[1]The Court's citations to the transcript of the hearing refer to the Court Reporter's original,
unedited version.  Any final transcript may contain slightly different page and/or line numbers.

440.170]. Travel expenses include the cost of transportation by public transportation, taxicab, handivan, and ground or air ambulance. Related travel expenses include the cost of meals and lodging made necessary by receipt of medical care away from the recipient's home community. When medically necessary, medicaid covers similar expenses for an attendant who accompanies the recipient to the medical examination or treatment. This part describes the types of providers eligible to furnish transportation and related expenses, covered services, service limitations and reimbursement methodology.

N.M.A.C. 8.324.7.9 (emphasis added).

## LAW ON PRE-TRIAL INJUNCTIVE RELIEF

The Supreme Court of the United States and the United States Court of Appeals for the Tenth Circuit have explained that "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). See Keirnan v. Utah Transit Auth., 339 F.3d 1217, 1220 (10th Cir. 2003)("In issuing a preliminary injunction, a court is primarily attempting to preserve the power to render a meaningful decision on the merits.")(quoting Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir. 1986)). The Tenth Circuit has emphasized that "a preliminary injunction is an extraordinary remedy, and thus the right to relief must be clear and unequivocal." Nova Health Sys. v. Edmondson, 460 F.3d 1295, 1298 (10th Cir. 2006)(quoting Schrier v. Univ. of Colo., 427 F.3d 1253, 1258 (10th Cir. 2005))(internal brackets omitted).  To establish its right to a preliminary injunction, a moving party must demonstrate: (i) the injunction is necessary to prevent irreparable harm; (ii) there is a substantial likelihood the movant ultimately will prevail on the merits; (iii) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (iv) the injunction would not be contrary to public policy.   See Wyandotte Nation v. Sebelius, 443 F.3d 1247,1254-55 (10th Cir. 2006)(quoting Kiowa Indian Tribe of Okla. v. Hoover, 150 F.3d 1163, 1171 (10th Cir. 1998)).

-3-

At the preliminary injunction stage, the burden is on the moving party "to establish a reasonable probability of ultimate success on the issue of jurisdiction when the action is tried on the merits." Home-Stake Prod. Co. v. Talon Petroleum, C.A., 907 F.2d 1012, 1018 (10th Cir. 1990). In determining whether the moving party has met this burden, the Tenth Circuit has instructed that "[r]easonable probability is, to us, something less than preponderance of the evidence." Nat'l Union Fire Ins. Co. v. Kozeny, 19 Fed. Appx. 815, 822 (10th Cir. 2001)(internal citations and quotations omitted). In the Tenth Circuit, if the moving party demonstrates that the first, third, and fourth factors "tip strongly in his favor, the test is modified," and the moving party "may meet the requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." Okla. ex rel. Okla. Tax Comm'n v. Int'l Registration Plan, Inc., 455 F.3d 1107, 1113 (10th Cir. 2006)(citing Davis v. Mineta, 302 F.3d 1104, 1111 (10th Cir. 2002)).

Finally, a request for a preliminary injunction under rule 65 of the Federal Rules of Civil Procedure does not constitute an independent basis for federal jurisdiction. See Citizens Concerned for Separation of Church & State v. City of Denver, 628 F.2d 1289, 1299 (10th Cir. 1980)("[R]ule 65 does not confer either subject matter or personal jurisdiction on the court."). Rule 65 has "no relationship to or bearing on either the jurisdiction to exercise or the propriety of exercising the [court's] injunctive power." Id.

## ANALYSIS

The Court does not believe that Bragg's request for special accommodations has a sound basis in the facts or in the law. Bragg has not met the standards for injunctive relief nor has Bragg meet the requirements under Medicaid law that would require the New Mexico Department of Human Services to provide him with transportation. Bragg has not shown that he has a substantial

likelihood of being successful on the merits.  Furthermore, Bragg's attendance at Court is not necessary to secure medicaid-covered medical examinations and treatment, as indicated under the Medicaid statute, that would require New Mexico Department of Human Services to provide him with transportation. Bragg has the ability to continue to file documents with the Court, to argue his case, and be present either by telephone or in person for court proceedings.  The Court is willing to make some special accommodations that are under the control of the Court to assist Bragg in advancing his case, but does not believe it is proper to require the New Mexico Department of Human Services to pay for such expenses.

       **IT IS ORDERED** that the Request for Special Accommodations is denied.

 

                         _____
                         UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Jerry Bragg
Albuquerque, New Mexico

     *Plaintiff Pro Se*

Alexandra Corwin Aguilar
Montgomery & Andrews, P.A.
Santa Fe, New Mexico

     *Attorney for Defendants Sandra Chavez, Everet Apodaca, Bill Richardson,*
     *and Pamela Hyde*

Ronald T. Taylor
Albuquerque, New Mexico

     *Attorney for Defendants Home Medical Equipment*
     *Specialists, LLC and Kevin Rider*

Paul R. Ritzma
  Special Assistant Attorney General
Santa Fe, New Mexico

    *Attorney for New Mexico Human Service Department*