# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JERRY BRAGG,

        Plaintiff,

vs.                                       No. CIV 07-0343 JB/WDS

SANDRA CHAVEZ, New Mexico Medicaid Quality
Assurance Bureau Chief, EVERET APODACA, Assistant
to Sandra Chavez, BILL RICHARDSON, Governor of New
Mexico, PAMELA HYDE, New Mexico Department of
Human Services Secretary, KEVIN RIDER, Home Medical
Equipment Specialists Owner, and HOME MEDICAL
EQUIPMENT SPECIALISTS, LLC,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion of HME for Court to Determine that

a Jury Trial in the Above Cause has been Waived, filed October 29, 2007 (Doc. 55).  The primary

issue is whether the parties have properly and timely demanded a jury for any of the causes of action

at issue in this case.  Because Plaintiff Jerry Bragg filed an appropriate demand for a jury under rule

38 of the Federal Rules of Civil Procedure and served the demand upon the parties before the

pleadings had closed on the issues that his Application for Writ of Mandamus (which the Court has

construed as a complaint) raised, the Court will deny Home Medical Equipment Specialists LLC's

("HME") request that the Court preclude a jury trial on any remaining claims in Bragg's original

Application. While the pleadings have closed on the Amended Application in which Bragg added

new American with Disabilities Act ("ADA") claims, the motion is moot, because Bragg has

decided to dismiss his claims without prejudice.  Accordingly, the Court will also deny the Motion

of HME for Court to Determine that a Jury Trial in the Above Cause has been Waived on the ADA claims without prejudice to HME renewing its motion in any other litigation.[1]

### PROCEDURAL BACKGROUND

On April 11, 2007, Bragg filed an Application for Writ of Mandamus.  See Application for Writ of Mandamus, filed April 11, 2007 (Doc. 1).  On May 29, 2007 Defendants Pamela Hyde, Sandra Chavez, Everet Apodaca and Bill Richardson filed a Motion to Dismiss.  See Defendants' Motion to Dismiss Plaintiffs' [sic] Complaint, filed May 29, 2007 (Doc. 11). On May 31, 2007, Defendant HMES also filed a Motion to Dismiss.  See HMES's Motion to Dismiss, filed May 31, 2007 (Doc. 14).   No responsive pleadings were filed for the original Application.   The word "pleading" is a term of art given a  limited meaning in the Federal Rules.   FED. R. CIV. P. 7(a)(providing that "pleadings" include a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, and a third-party answer).  See Autoskill Inc. v. Nat'l Educ. Support Sys., Inc., 994 F.2d 1476, 1484 n.5 (10th Cir. 1993)(noting the limited meaning provided in the Rules and that "Black's Law Dictionary also gives the term 'pleadings' a relatively specific meaning: 'The formal allegations by the parties to a lawsuit of their respective claims and defenses, with the intended purpose being to provide notice of what is to be expected at trial.'  Black's Law Dictionary 1152 (6th ed. 1990)").  On June 8, 2007, Bragg filed a document titled "Application for Trial by Jury and for Treble Punitive Damages."  Application for Trial by Jury and for Treble

----

[1]   Pending motions generally become moot by virtue of dismissal of a case, and the Court generally should not rule on the merits of motions that were otherwise pending, because there is no longer a case or controversy between the parties and any further rulings would be merely advisory. In this case, Bragg is proceeding pro se, states that he intends to refile his suit, and there has been some confusion about the law and procedural posture in the case.  The Court believes it is prudent for the Court to explain certain aspects of the jury issue should the case be refiled.

Punitive Damages, filed June 8, 2007 (Doc. 17).

On August 13, 2007, Bragg filed an amended pleading alleging violations of the American with Disabilities Act.  <u>See</u> Amendment to Bragg's Application to Sue for Violations of My Rights Under the American with Disabilities Act (ADA), filed August 13, 2007 (Doc. 36)("Amended Application").  The Defendants have all filed answers to the Amended Application. <u>See</u> HMES' and Kevin Rider's Answer to Amendment to Bragg's Application To Sue for Violations under 42 U.S.C. § 1983 and Violations Under the Americans with Disabilities Act, filed August 27, 2007 (Doc. 42); State Defendants' Answer to Amendment to Bragg's Application To Sue for Violations under 42 U.S.C. § 1983 and Violations Under the Americans with Disabilities Act (ADA) (Doc. #36), filed August 27, 2007 (Doc. 44).  Neither Bragg nor any other party has filed any specific jury demand regarding the Amended Application.

HMES moves the Court not to permit the trial to be tried before a jury for the reason that no demand for a jury trial has been filed with the Court or served upon the parties, as rule 38 of the Federal Rules of Civil Procedure requires, with respect to the Amended Application.  Neither Bragg nor any other party filed a response to HMES' motion.  No one sought an extension of time to respond to the motion.

### RULE 38(b)

Under rule 38(b), if a demand for jury trial has not been made upon the parties in the case, and if such demand has not been filed with the Court within ten days from the filing of the last pleading, then a jury trial has been waived.  <u>See</u> Fed. R. Civ. P. 38(d).  Rule 38 requires:

> **(b) Demand.** On any issue triable of right by a jury, a party may demand a jury trial by:
>
> **(1)** serving the other parties with a written demand--which may be included in a

pleading -- no later than 10 days after the last pleading directed to the issue is served; and

**(2)** filing the demand in accordance with Rule 5(d).

**(c) Specifying Issues.** In its demand, a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable. If the party has demanded a jury trial on only some issues, any other party may -- within 10 days after being served with the demand or within a shorter time ordered by the court -- serve a demand for a jury trial on any other or all factual issues triable by jury.

Fed. R. Civ. P. 38 (bolded in original).

"Rule . . . 38(b) require[s] jury demands to be served within ten days after service of the 'last pleading directed to such issue.'" In re Kaiser Steel Corp. 911 F.2d 380, 388 (10th Cir. 1990)(citing Fed.R.Civ.P. 38(b)). "The 'last pleading directed to such issue' will generally be an answer or a reply, if appropriate, and is determined on a claim by claim basis." Id. (quoting E.R. Christenson v. Diversified Builders, Inc., 331 F.2d 992, 994-95 (10th Cir. 1964)). "Rule 38 applies to 'issues' not cases." Okla. Natural Gas Co. v. LaRue, 156 F.3d 1244, 1250 (10th Cir. 1998)(quoting Fed. R. Civ. P. 38(b)).

"Where there are multiple parties, the last pleading by any party on a common issue will determine the time for jury demand. Amended and supplemental pleadings do not 'revive a right, previously waived, to demand jury trial on the issues already framed by the original pleadings.'" In re Kaiser Steel Corp. 911 F.2d at 388 (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2320, at 91-93, 94-96 (1971))(internal citations omitted). Additionally, consolidation will not revive a waived jury right. See In re Kaiser Steel Corp. 911 F.2d at 388 (citing Vesper Constr. Co. v. Rain for Rent, Inc., 602 F.2d 238, 241 (10th Cir. 1979)).

The trial judge has broad discretion to determine whether a demand for a jury trial was

timely made.  See Land v. Roper Corp., 531 F.2d 445, 450 (10th Cir. 1976)(citing rule 39(b)).  In

the absence of abuse of this discretion, a judge's ruling in these circumstances is not to be disturbed.

See Land v. Roper Corp., 531 F.2d at 450.

In Oklahoma Natural Gas Company v. LaRue, the Tenth Circuit addressed whether a party

had waived his right to a jury trial when he filed his request for a jury demand more than ten days

past the last pleading directed to the issue but before the last pleading concerning a different party

and a different issue.  See 156 F.3d at 1249.  The jury demand was related to the suit between the

Oklahoma Natural Gas Company and LaRue.  See id.  The last pleading directed to the suit between

the Company and LaRue was LaRue's answer to the Company's amended complaint, which was

filed on October 30, 1995.  See id.  LaRue filed his jury demand on December 8, 1995, twenty-nine

days after the deadline set by rule 38, and contended that his demand was timely because it was filed

before the last pleading concerning the intervenors.  See id.  The Tenth Circuit disagreed, stating

that the caption of the demand demonstrated that the demand applied only to the Company and not

to the intervenors.  See id.  Furthermore, the Tenth Circuit stated that the December 8th jury demand

applied to a different party and addressed different issues than those implicated by the pleading

related to the intervenors' claims.  See id.  The Tenth Circuit stated: "If Mr. LaRue had wanted a

jury trial on the issues raised by the intervenors, he should have filed a timely jury demand on those

issues.  Mr. LaRue did not file a timely jury demand on either the issues in the Company's suit

against him or the issues in the intervenors' suit against him."  Id.  Additionally, the Tenth Circuit

emphasized that rule 38 applies to issues, not entire cases.  See id.

## ANALYSIS

"The failure of a party to file and serve a response in opposition to a motion within the time

prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ. 7.1(b).  "A

response must be served and filed within fourteen (14) calendar days after service of the motion."

D.N.M.LR-Civ. 7.6(a).  Because Bragg did not file a written opposition to HME's motion, the Court

could deem HME's motion to be unopposed, find that Bragg has consented to the motion, and grant

the motion.  Because, however, Bragg is proceeding pro se, the Court will review the motion on the

merits to determine whether it should be granted.

A jury trial on the original claims, if there are any, has not been waived.  In the Opinion filed

August 2, 2007 at 2, the Court held that because Bragg

> has not stated a federal claim for which relief may be granted, the Court will dismiss
> all the federal claims in Bragg's Application against all Defendants with prejudice.
> Bragg may file an amended complaint alleging an ADA claim against Home Medical
> Equipment Specialists, LLC ("HMES") and/or Kevin Rider, and re-alleging any state
> claims against the State Defendants.

Memorandum Opinion and Order at 2, filed August 2, 2007 (Doc. 35). A review of the original

Application shows that Bragg did not allege any claims against HMES or Rider.  The original

Application was effectively dismissed for failure to state a claim against HMES, but the Court gave

Bragg an opportunity to try to state claims in an amended complaint.   Nevertheless, the Jury

Demand on the original claims was filed before the last pleading was filed.  Accordingly, the jury

demand on the original claims was timely and therefore not waived.  See Fed. R. Civ. P. 38(d).  On

the other hand, Bragg did not, in fact, allege any cognizable federal claims against HMES in the

original Application.  Arguably, because he failed to state any cognizable federal claims against

HMES originally, his Amended Application is a brand-new complaint that requires the filing of a

new jury demand.

HMES asserts that the Jury Demand was filed more than ten days after the filing of Bragg's

Application for Writ of Mandamus.  HMES also argues that Bragg has not filed any pleading within ten days from August 13, 2007, the date of filing of Bragg's last pleading.  But the filing of the complaint is not the relevant deadline.

Because none of the Defendants filed answers to Bragg's original Application, the pleadings on the issues in the original Application were not closed by June 8, 2007, and the Court cannot find that the jury trial has been waived on the original claims, if any existed.  It is true that Bragg has now waived a jury trial in this case on any issues he raised in his original or Amended Application that have not already been dismissed with prejudice by moving for dismissal of his remaining action without prejudice.   If he files a new complaint in state or federal court, none of the Court's rulings regarding procedural jury-trial issues will have any res judicata or preclusive effect because he may demand a jury trial at the time he files the new complaint.   Nevertheless, so that the parties at any subsequent court know where this case stood when it was dismissed, the Court notes that the pleadings on the Amended Application have closed, and because Bragg has decided to dismiss his claims without prejudice, the Court need not determine whether the jury trial has been waived on the new ADA claim.  The motion to declare there is no jury for the ADA claim is denied without prejudice to HMES renewing the motion if Bragg states a claim for violation of the ADA and no one asks for a jury in any other litigation.

**IT IS ORDERED** that Motion of HME for Court to Determine that a Jury Trial in the Above Cause has been Waived is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Jerry Bragg
Albuquerque, New Mexico

      *Plaintiff pro se*

Alexandra Corwin
Montgomery & Andrews, P.A.
Santa Fe, New Mexico

      *Attorney for Defendants State of New Mexico*
        *Medicaid Quality Assurance Bureau of Chief*
        *Sandra Chavez and Governor Bill Richardson*

Ronald T. Taylor
Ronald T. Taylor Law Office
Albuquerque, New Mexico

      *Attorney for Defendant HME Specialists LLC*
      *and Kevin Rider*

Paul R. Ritzma
  Special Assistant Attorney General
Santa Fe, New Mexico

      *Attorney for New Mexico Human Service Department*